(December 23, 1897.)

# CANYON COUNTY v. ADA COUNTY.

[51 Pac. 748.]

ADJUSTMENT OF MATTERS GROWING OUT OF ORGANIZATION OF A NEW
COUNTY.—When boards of county commissioners have made adjust-
ment and settlement of matters growing out of the organization
of a new county, such settlement and adjustment will not be dis-
turbed in the absence of a showing of fraud or mistakes.

STATUTE OF LIMITATIONS—SUBSECTION 1 OF SECTION 4054 CONSTRUED.—
Under the provision of subdivision 1, section 4054 of the Revised
Statutes, an action to recover liability created by statute other
than a penalty of forfeiture must be commenced within three years.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Charles H. Reed, for Appellant, cites no authorities upon the
points decided by the court.

Hawley & Puckett, for Respondent.

Section 3 of article 18 of the constitution of Idaho provides:
"Where any part of a county is stricken off and attached to an-
other county, the part stricken off shall be held to pay its ratable
proportion of all the existing liabilities of the county from
which it is taken." The common-law rule that new counties
are not allowed or entitled to any part of the surplus of the
old county, or any interest in rights of actions, is not changed
by our constitution, but is changed, so far as the surplus on
hand is concerned, by section 6 of the act above referred to.
The rule is that the old municipal or *quasi* municipal corpora-
tions, when there has been a division of their territory, owns
all of the property within its new limits and is responsible for
all debts contracted before their separation, with claim for
contribution. (*Commissioners of Laramie Co. v. Commission-
ers etc.*, 92 U. S. 307.) The new county would not be en-
titled to its share of the money without the act of separation
so provided. (*Board of County Commrs. v. Board of County
Commrs.*, 15 Colo. 320, 25 Pac. 509; *Washington Co. v. Weld
Co.*, 12 Colo. 152, 20 Pac. 273.) The only way the settle-

ment could be attacked would be on account of fraud, inadvertence or mistake. This is not alleged, and could not be consistently with other allegations of the complaint. And if it could be alleged, it would be too late now to avail the plaintiff who, for nearly five years, has slept upon its rights. We contend that the claim is barred by sections 4053 and 4054 of Revised Statutes. The action must be commenced within three years of the cause of action accruing, not within three years after the liability of the principal is decided to exist. (*Ada Co. v. Ellis,* ante, p. 333, 48 Pac. 1071.)

SULLIVAN, C. J.—This suit was brought by Canyon county against Ada county to recover certain sums of money claimed to be due to the former county under and by virtue of an act which created said Canyon county out of a portion of Ada county. The following allegations, among others, are contained in the complaint:

That, as provided by said act, accountants were appointed by said counties to adjust the indebtedness of Ada county between the respective counties. Said accountants were unable to agree upon the value of the courthouse and poor farm of Ada county, and their value was determined as prescribed in said act. That thereafter said accountants ascertained the total indebtedness of Ada county, as required by law, but were unable to agree upon certain matters set forth in their report, which it is not necessary to set forth in this opinion. That thereafter the board of county commissioners of Ada authorized Edgar Wilson, Esq., to act on its behalf in the adjustment of said differences, and the board of commissioners of Canyon county authorized Charles H. Reed, Esq., to act for and on behalf of Canyon county in an adjustment of said differences. That thereafter said agents did effect an adjustment thereof, and filed their written report with their respective boards, and that said report was adopted by the respective boards.

The following resolutions, recommended by the authorized agents of said counties, were adopted, to wit:

"Whereas, it is essential to the best interests of said counties, and in order that the credit of each of said counties may not be impaired and the obligations thereof may be properly dis-

charged, that all matters in dispute between said counties may be settled and adjusted as speedily as possible, without the tedious delays which necessarily follow litigation of such matters: Now, therefore, we may each of us, for and in behalf of our respective counties, respectively recommend that the county commissioners of each of said counties at their April, 1894, meeting, adopt the following resolutions, and that the recitals herein be made a part thereof:

"Resolved, that those certain matters, concerning which the accountants for said counties were unable to agree, and the said sum of $12,922.34, due to Ada county from Canyon county, as aforesaid, be, and the same are hereby, declared to offset one another, and said accounts are balanced; and it is hereby declared that said Ada county is not further indebted to said Canyon county on account of said matters, and that Canyon county is not further indebted to Ada county on account of said matters. Be it further resolved, that, as one of the conditions of said settlement and part of the consideration therefor, said Canyon county shall forthwith pay in cash to the treasurer of said Ada county the sum of $2,506, the same being thirty-five and eight-tenths per cent of $7,000, the amount paid on account of maturing bonds and coupons issued by Ada county, and paid subsequent to the filing of the report of said accountants; the same having been paid by the treasurer of said Ada county. Be it further resolved, that hereafter the treasurer of Canyon county shall pay to the treasurer of Ada county, in cash, in advance of the maturity of all bonds and coupons of said Ada county existing at the time of the division of said county, and that the treasurer of said Ada county shall give his receipt therefor to the treasurer of Canyon county, which shall be sufficient voucher for the payment of Canyon county's part of said bonds; and the treasurer of Ada county shall thereupon pay and discharge such bonds and coupons at maturity, as aforesaid, retaining the canceled bonds and coupons and bonds as its voucher. Be it further resolved, that in the event that it shall be finally determined by the courts that Sherman G. King, *ex-officio* auditor and recorder of said Ada county, should pay to the treasurer of Ada county the funds which are now due from Canyon county on ac-

count of transcribing the records thereof, then, in such event, Canyon county shall pay the same to Ada county. Be it further resolved, that these resolutions and recitals are intended as an adjustment and settlement of all matters in dispute between said counties, and, when duly and regularly passed by the respective boards of county commissioners of said counties, the same shall be spread upon the minutes of the meetings of said boards, and shall become a public record in each of said counties, and shall continue in force, and bind said counties perpetually, as to all matters to which they refer; said resolutions having been passed, and said conclusions having been arrived at, by each of said boards, for the purpose of preventing vexatious and tedious delays, annoying litigation, and in order that the credit of each of said counties may be retained and upheld and in no wise impaired, and the obligations of each of said counties paid and discharged at maturity, and the general welfare of said counties preserved. Respectfully submitted.

(Signed)    "EDGAR WILSON,
"In Behalf of Ada County.
(Signed)    "CHAS. H. REED,
"In Behalf of Canyon County.

"It is resolved that in the event that Ada county shall recover from *Ex-officio* Tax Collector Thomas B. Gess certain moneys now being sued for, and the courts shall finally decide that said Ada county is entitled to the same, then Canyon county shall be entitled to receive thirty-five and eight-tenths per cent thereof, when the same shall have been recovered by the said Ada county, less thirty-five and eight-tenths per cent of all costs and expenses of collecting the same, including attorney's fees."

Thereafter it is alleged that Ada county brought suits against some of the former officers of that county, to recover certain sums claimed to have been collected by such officers, and illegally retained by them, and, after considerable litigation, recovered several thousand dollars; that, after the settlement and adjustment between the counties aforesaid, suit was brought against Ada county for the collection of certain bridge war-

rants which had been considered as a valid debt against said Ada county in the adjustment and settlement of the indebtedness between said counties; and that such suit was finally compromised by Ada county with the holders of the warrants, whereby the holders agreed to take in payment of said warrants $15,372.27 less than the sum due on said warrants; and that as Canyon county had settled with Ada county on the basis that said warrants were legal, and of their full face value, payment is demanded from Ada county on the rates fixed by the accountants for adjustment of Ada county's indebtedness; that it was found by the accountants that Ada county should bear sixty-four and two-tenths per cent, and Canyon county thirty-five and eight-tenths per cent, of the indebtedness of Ada county.

This action was brought to recover thirty-five and eight-tenths per cent of the amount collected from the former officers of the county, as stated above, and of the $15,372.27, saved by the compromise above set forth, less the costs of the litigation to Ada county. A demurrer to the complaint was interposed and sustained. The plaintiff declined to amend, and judgment of dismissal was entered. This appeal is from the judgment.

The order sustaining the demurrer to the complaint is assigned as error. The demurrer was a general one, and also set up the statute of limitations. The above statement of facts shows that differences arose between the accountants appointed by the respective counties in regard to the settlement of the indebtedness of Ada county, and the value of certain property belonging to Ada county. Those differences were finally settled by agents appointed for that purpose, and their acts ratified by the respective boards of county commissioners. One of the resolutions adopted by said boards proceeds as follows: "Resolved, that these resolutions and recitals are intended as an adjustment and settlement of all matters in dispute between said counties," etc. (See resolutions above quoted.) It is apparent that it was the intention of the boards of county commissioners to adjust and settle all matters in dispute between said counties growing out of the organization of Canyon county,

and we think that settlement is binding on the counties.    Said settlement is not attacked on the ground of fraud or mistake.

But, conceding that the intention of the boards was not to adjust all matters in dispute between said counties, the right of action, if one existed, had accrued at the date of said adjustment and settlement of the matters set forth in said resolutions, and was barred by the statute of limitations when this action was commenced.    If any liability was created in favor of Canyon county against Ada county, it was one created by statute; and under the provisions of subdivision 1, section 4054 of the Revised Statutes, the action should have been brought within three years.    As that was not done, this action was barred by said provision of the statute of limitations.    The adjustment of the lower court is affirmed, with costs in favor of the respondent.

Huston and Quarles, JJ., concur.