## WILSON v. ST. LOUIS-S. F. RY. CO. et al.

No. 18855. Opinion Filed Nov. 19, 1929.

Rehearing Denied Jan. 21, 1930.

Commissioners' Opinion, Division No. 1.

Ross & Thurman and John F. Butler, for plaintiff in error.

E. T. Miller, Cruce & Franklin, and G. W. Satterfield, for defendants in error.

JEFFREY, C. Mamie Wilson, as plaintiff, in her own behalf as widow of C. G. Wilson, deceased, and for her two minor children, sued the St Louis-San Francisco Railway Company, a corporation, E. L. Sommers, and R. G. Martin, the defendants, for damages for the wrongful death of her husband. The deceased was killed at a highway crossing September 22, 1926, about three miles southwest of Chandler, Okla., by the defendant railway company's east bound passenger train No. 10. The deceased, at the time of his death, was driving a large motor truck, loaded with electric light poles, south along the public highway, where the same crosses defendant's railway track. Plaintiff alleged in her petition that the railroad at the point in question runs in an easterly and westerly direction, and that the highway crosses the railroad in a northerly and southerly direction. That along the north side of the railroad, and the west side of the highway, there is an embankment approximately 20 feet higher than defendant's roadbed; that said elevation and embankment was covered with weeds, trees, foliage and underbrush so that one approaching the crossing along the highway from the north could not see a train approaching from the west until within 10

feet of said track; that said condition constituted an unusually dangerous and hazardous crossing, known to the defendants; that the defendant Sommers, as locomotive engineer, and Martin, as fireman, operated said train at a dangerous and reckless rate of speed of from 50 to 60 miles per hour, and did not give the statutory signals before arriving at said crossing, and did not maintain a lookout or use care in the operation of said train commensurate with the dangerous condition of the crossing, all of which resulted in the death of the deceased. Defendants generally denied the allegations of plaintiff's petition, and alleged that if the said C. G. Wilson was injured, his injuries were caused by his own negligence, and that in any event the deceased was guilty of contributory negligence. Upon a trial, a verdict was returned in favor of the defendants. Judgment having been duly rendered upon the verdict, and motion for new trial overruled, plaintiff has appealed, and assigns as error the giving of three instructions to the jury over her exceptions.

It is first contended that the trial court committed error in giving to the jury instruction No. 17. That instruction is as follows:

"You are further instructed that a railroad track is of itself a warning of danger and one who attempts to cross it must exercise that degree of care which an ordinarily prudent person would exercise under like circumstances. As to what is ordinary care depends upon surrounding circumstances, but it must be such care as is commensurate with a known danger. Thus, if one attempts to cross a railroad track where his view is obstructed by embankments, trees, weeds, or shrubbery of any character, he would be required to exercise a greater degree of care than he would if he were crossing a railroad track where there were no obstructions."

One of the objections presented against all three of the instructions is that the court invaded the province of the jury in attempting to instruct on the defense of contributory negligence. This question will be discussed more fully in connection with the objection to instruction No. 20. In the giving of instruction No. 17 it is contended that the court used certain controverted facts as a basis for a hypothetical example; that the trial court instructed that such controverted facts give notice to the plaintiff of danger, and thereby placed a greater burden of care on him than that of ordinary care under the circumstances. The controverted facts referred to relate to the existence or nonexist-

ence of embankments, trees, weeds, and shrubbery. Ordinarily illustrations of principles of law based on disputed facts in evidence in the case when incorporated in instructions to the jury are likely to mislead and confuse the jury as to what has been proven to the prejudice of one of the parties. The same is true when the court makes special reference to particular evidence in the case in such a way as to give it special emphasis. Trial courts should refrain from giving such instructions, but upon a consideration of the whole record, we are unable to see how plaintiff was prejudiced in this particular, or that she is in a position to complain. It was plaintiff's contention that the deceased's view of the oncoming train was obstructed by an embankment bearing trees, weeds, and undergrowth. Plaintiff produced evidence substantiating this allegation, and she should not be heard to say that such a condition was not a fact.

It is asserted that the instruction, in effect, charged the deceased with the duty of using more than ordinary care, under such circumstances, and that a slight deviation from such care would be contributory negligence. The instruction does not yield to such an interpretation. It plainly defines the duty of deceased, by stating that he was required to exercise that degree of care which an ordinarily prudent person would exercise under like circumstances. The instruction further told the jury that what would constitute ordinary care depended upon surrounding circumstances, but that the care required must be commensurate with a known danger. The court then gave an illustration of how ordinary care under one set of circumstances would differ from ordinary care under other circumstances. We are of the opinion that the giving of the instruction did not constitute reversible error.

Instruction No. 18 is next complained of. That instruction reads as follows:

"You are instructed, therefore, that it is the duty of a person about to cross a railroad track to make vigilant use of his senses in order to ascertain if there is a train approaching, and it was the duty of the deceased on approaching the track of the defendant railway company, to look and listen for approaching trains before attempting to cross said track, or before putting himself in a place of danger, and it was his duty to keep his faculties in active exercise and not to permit his attention to be diverted from the danger before him, and this duty rested upon him at all times as he was approaching the railroad track and until he reached a place of safety beyond same."

It should be sufficient to say that this instruction has been very generally used in this character of cases, and has been approved by this court in the following cases: Hines, Director General of Railroads, v. Dean, 96 Okla. 107, 220 Pac. 860; St. Louis-S. F. Ry. Co. v. Tyler, 107 Okla. 240, 232 Pac. 414, and St. Louis & S. F. Ry. Co. v. Bryan, 113 Okla. 39, 237 Pac. 613. This court has said in the foregoing authorities that while it is error to instruct the jury that if a certain state of facts is found to exist, such facts constitute contributory negligence, it is nevertheless the duty of the court when requested to do so to instruct the jury what duty the law imposes upon the plaintiff as well as the defendant, and that a breach of that duty is negligence. It is not contended that the duties required of deceased by the instruction would not be required of an ordinarily prudent person in attempting to cross a railroad track under any and all circumstances. We take it that on this there can be no difference of opinion. The foregoing instruction goes no further than to tell the jury what duties the law imposes upon plaintiff immediately before and at the time of the injury.

The next instruction complained of is instruction No. 20, which is as follows:

"You are further instructed that if you find from the evidence herein that the deceased before driving upon the defendant railway company's track on which the train was approaching, could have, with the exercise of ordinary care, seen the approaching train, or if he could have, with the exercise of such care, heard the same as it moved along the track, and that he failed to look and listen and failed to use the care that an ordinarily prudent person would have exercised under like circumstances, and you find that such failure proximately contributed to his injury, then, and in that event, plaintiff cannot recover herein and your verdict should be for the defendants."

The objection made against this instruction, as well as the two former instructions, is that the court invaded the province of the jury on the question of contributory negligence. Section 6, article 23, of the Constitution of Oklahoma provides that the defense of contributory negligence, or of assumption of risk, shall in all cases whatsoever be a question of fact, and shall at all times be left to the jury. This court has made frequent application of that provision of the Constitution in personal injury actions, and held that it was error for the

trial court to instruct the jury that certain facts, if found to be true, constitute in law contributory negligence. It is this line of cases relied upon by counsel for plaintiff. In connection with the defenses of contributory negligence, where such an issue is made, there are two questions which must be submitted to the jury for its determination, namely: (1) Did the injured party violate the duties imposed upon him by law so as to be guilty of negligence himself? (2) If he did, then did such negligence contribute to his injury? There could be no other or additional question to be decided by the jury relating to contributory negligence, and none other could have been contemplated by the framers of the Constitution. We may then inquire whether or not any of the instructions complained of excluded either of the foregoing questions from the consideration of the jury. From a careful examination of the instructions, it appears that both questions were left entirely to the jury. Instruction No. 20 is in fact a broad definition of contributory negligence as applied to this case and the effect thereof.

From an examination of the authorities cited by counsel for plaintiff, it may be safely said that whenever instructions have been condemned on the ground raised against the instructions in question, such instructions either undertook to tell the jury that the doing or the failure to do a particular act constituted negligence when it was for the jury to say whether such conduct was that of an ordinarily prudent person under the circumstances, or told the jury in effect that if plaintiff was guilty of negligence he was also guilty of contributory negligence. We conclude that none of the instructions offend section 6, article 23, of the Constitution of Oklahoma, and that the court did not commit error in giving them. The judgment of the trial court is affirmed.

BENNETT, TEEHEE, HERR, DIFFENDAFFER, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 33 A. L. R. 190; 20 R. C. L. p. 166; 3 R. C. L. Supp. p. 1040; 4 R. C. L. Supp. p. 1342; 5 R. C. L. Supp. p. 1085; 6 R. C. L. Supp. p. 1195; 7 R. C. L. Supp. p. 699. See "Trial," 38 Cyc. p. 1661, n. 69; p. 1666, n. 83.