### BLACK v. COLEMAN et ux.

No. 18876. Opinion Filed Feb. 18, 1930.

Rehearing Denied March 25, 1930.

196

Elmer J. Black, for plaintiff in error.

John W. Tillman, Fred A. Tillman, and Welcome D. Pierson, for defendants in error.

SWINDALL, J. This action was originally commenced in the justice of the peace court at Pawhuska, Okla., where the plaintiff in error was plaintiff, and the defendants in error were defendants, and they will be hereafter referred to as plaintiff and defendants.

The plaintiff in her bill of particulars alleged that the defendants and each of them are indebted to plaintiff for the use and occupying of the premises described in the bill of particulars, and for damages to said premises in the sum of $200, none of which has been paid, and that the same is due and owing to said plaintiff, and a demand has been made for the same and payment refused. A trial was had in the justice court, which resulted in a judgment for the plaintiff for $200, and the defendants duly appealed to the district court, where the action was tried to a jury, and resulted in a verdict in favor of the defendants.

A motion for new trial was filed in the district court to vacate and set aside the verdict, and to grant a new trial for the following causes which affect materially the substantial rights of the plaintiff:

(1) Irregularity of the proceedings of the court, jury, and prevailing party by which the plaintiff was prevented from having a fair trial. (2) Misconduct of the jury and prevailing party. (3) Accident and surprise, which ordinary prudence could not have guarded against. (4) That the verdict of the jury is not sustained by sufficient evidence and is contrary to law. (5) Newly discovered evidence material for the plaintiff, which she could not with reasonable diligence have discovered and produced at the trial. (6) Errors occurring at the trial and excepted to by the plaintiff.

In support of the fifth ground in her motion for new trial, plaintiff submits affidavits as to the newly discovered evidence. The motion of plaintiff for new trial was considered and overruled and exceptions allowed, and notice of appeal given in open court, and in due time a petition in error with case-made attached was filed in this court.

Plaintiff contends that the defendants changed their theory in the district court from the one upon which they presented the cause in the justice court. Owing to the fact that the defendants did not file a written bill of particulars in the justice court, we cannot determine upon what theory the defendants tried the case in the justice court. However, the defendants, by their attorney in his opening statement to the jury in this case in the district court, stated that the defendants entered the premises under an agreement with E. J. Dorsey, whereby they were to live in the building, which was used by Dorsey as a planing mill, and to keep track of things and watch the tools while Dorsey was at work, and that it would not cost them anything for staying there, and that after Dorsey's death, Elmer J. Black, husband of the plaintiff, took charge of the premises and came down to the planing mill and talked to the defendant William Coleman, and said to him:

"Somebody has got to stay here and keep track of this stuff, and he said, you stay here and keep track of this and it won't cost you anything for rent; you just live here and keep track of these premises for a while until something further is done with them."

So, if there was a change in the defendants' theory of this case in the district court, the plaintiff was apprised of that fact by the opening statement of counsel for defend-

ants, and if the plaintiff was taken by surprise, she should have made a timely showing in the trial court at that time instead of proceeding with the trial of the case and then contending for a new trial upon that ground after a jury had returned a verdict in favor of the defendants.

We have carefully examined the record in this case, and find that the issues as framed by the plaintiff's bill of particulars and the opening statement of the defendants' counsel, which constitutes the oral answer, or bill of particulars of the defendants, which is permissible under the justice of the peace practice, were clearly defined to the jury and properly covered by the instructions given by the court to the jury. The instructions of the court should be considered as a whole and in their entirety, and no particular paragraph thereof should be singled out and given an interpretation which some other paragraph shows was not intended to be placed upon it. Oklahoma Union Railway Co. v. Hainey, 96 Okla. 217, 222 Pac. 243. If the different instructions given to the jury, taken together and considered as a whole, fairly present the law of the case, this will be sufficient. Clapp v. Miller et al., 89 Okla. 38, 213 Pac. 854.

The principal contention of the plaintiff in error seems to be that the trial court erred in overruling the motion of plaintiff for new trial upon the grounds of newly discovered evidence. We have examined the affidavits submitted in support of the motion for new trial, and they disclose that the testimony is either in the nature of impeaching evidence or is cumulative. A motion for new trial on account of newly discovered evidence is addressed to the sound discretion of the trial court, and in the absence of an abuse of such discretion, its action thereon will not be disturbed on appeal. Schaap v. Williams, 99 Okla. 21, 225 Pac. 910. We cannot say the trial court abused its discretion in this action in refusing to grant a new trial on account of newly discovered evidence.

Plaintiff also requests this court to grant a new trial, for the reason that judgment was never entered upon the verdict of the jury in the trial court. If it was necessary for this court to have the final judgment of the trial court before it to determine the errors presented by this appeal, this court would be required to dismiss the appeal for the reason that the case-made does not affirmatively show that judgment was ever entered upon the verdict of the jury, but, under the Code of Civil Procedure, a party

may appeal from an order overruling a motion for new trial, and where all the errors complained of were duly presented to the trial court in a motion for new trial, praying the court to vacate the verdict of the jury, and it is not necessary to have the final judgment before this court in order to determine the errors raised by the motion for new trial, then it is not necessary to have the final judgment of the trial court here in order to pass upon the errors complained of, and this court will, under such circumstances, review the errors presented by an appeal from the order overruling motion for new trial.

Having carefully examined the record, we find that no prejudicial error is presented, and that the judgment of the trial court in overruling motion for new trial should be sustained, and said cause is therefore in all things affirmed.

MASON, C. J., and CLARK, RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur. LESTER, V. C. J., and HUNT, J., absent.