## CLANTON et al. v. CHRISMAN et al.

No. 25170. Oct. 15, 1935.

Rehearing Denied Nov. 5, 1935.

Dudley, Hyde, Duvall & Dudley, for plaintiffs in error.

J. S. Estes and Elmer L. Fulton, for defendant in error.

PER CURIAM. About one o'clock on the afternoon of August 30, 1932, Melvin Chrisman, a minor, was riding on a wagon loaded with poles driven by his grandfather, W. S. Mundell. The wagon was drawn by a team of horses, and was traveling north on United States Highway No. 277, about half a mile south of Newcastle bridge over the South Canadian river. Melvin Chrisman was sitting on the poles toward the rear of the wagon facing south. The pavement was level, the weather was clear. and the vision unobstructed for half a mile or more either way. The wagon was traveling on its right-hand side of the road, going north. when a truck, driven by A. R. Brown, an employee of the Clantons, traveling in the same direction as

the wagon, came up from behind, and in going around the wagon, collided with the same, causing injury to the boy, Melvin Chrisman. The latter contended that the truck, in attempting to go around, struck the wagon at the left rear corner, causing him to be thrown clear of the wagon and injured, while the wagon was thrown into the ditch, and the team of horses broke the coupling pole and ran away with the front end. On the other hand, it was contended by the Clantons that the driver of the truck was going around the wagon, and when he got even with the team, the horse on the right lunged forward, pushing the wagon and team toward the truck, and the left hand singletree hit the door of the truck, crushing the same, and breaking the window which was lowered therein, and the team left the pavement to the right, tearing out the front part of the wagon and running away; that the driver of the truck was without fault, and that the collision was merely an unavoidable accident.

The issue thus made was tried to the court and a jury, resulting in a verdict for the plaintiff below, (Melvin Chrisman, in the amount of $500. Defendants below filed a timely motion for a new trial, which was overruled by the court, and from the order overruling the motion for a new trial this appeal is prosecuted. Plaintiffs in error were defendants below, and defendant in error was plaintiff below. They will be hereafter referred to as in the trial court.

This appeal presents a variety of assignments, all of which may be considered under three questions as follows, namely:

"1. Was instruction No. 12, on the question of negligence, erroneous?

"2. Did the court err in submitting to the jury the question of punitive damages?

"3. If there was error in either or both particulars named, should the error work a reversal of judgment, or should it be classified merely as 'harmless'?"

These will be considered in order.

; 1. Instruction No. 12 given by the court in this case was as follows:

"You are instructed that if you find from a fair preponderance of the evidence as heretofore defined, that this plaintiff was riding upon a load of wood on the public highway, and that the defendant's truck was following on the same highway, and on the same side of the highway, and that there was a clear view from the truck to the wagon, on which the plaintiff was riding, and if you should find from the evidence that said truck so driven failed to turn in sufficient time to turn around and go past said plaintiff, but struck the wagon on which plaintiff was riding, and if you should further find that there was no obstruction between the truck and the wagon, or no obstruction to prevent the truck having a reasonable clearance, and if you should further find that the plaintiff was injured by actual physical injury, and by injury to his body, then you should find for the plaintiff, and assess his damages at such an amount as to your judgment would reasonably compensate him for such injuries, taking into consideration all of the evidence, not to exceed the sum of $750."

It will be seen from the foregoing that the court gave to the jury the contention of the plaintiff, and instructed that if the jury believed that state of facts had been sufficiently proved, the verdict should be for the plaintiff. Undoubtedly, the court should have further instructed the jury that it must believe the things enumerated constituted negligence, and that such negligence was the proximate cause of injury to the plaintiff. This rule is so well established in Oklahoma in a long line of decisions, and is so well known and so elementary in law, that reference to decisions and authorities would appear to be futile. The defendants in their brief quote from the case of Littlejohn v. Midland Valley Railway Co., 47 Okla. 204. 148 P. 120, as follows:

"It is well settled that what is or what is not negligence in a particular case ordinarily is a question for the jury, and not for the court."

Also, from Swift v. McMurray, 133 Okla. 104, 271 P. 635, wherein the syllabus reads, in part:

"It is reversible error for the court, in its instructions, to invade the province of a jury, assume a controverted fact as proved, or treat it as a question of law, and withhold the same from the determination of the jury."

It is only when the facts are not controverted or whether controverted or not, when all men must draw the same conclusion from them, that the question of negligence becomes one of law for the court, and when fairminded men may honestly draw different conclusions, the question is always one of fact for the jury. Gypsy Oil Co. v. Green, 82 Okla. 47, 198 P. 851; Harris v. M., K. & T. Ry. Co., 24 Okla. 341, 103 P. 758; St. Louis-San Francisco Ry. Co. v. Teel, 82 Okla. 31, 198 P. 78.

The same rule prevails regarding the matter of proximate cause. Even though they believe a given state of facts would be true,

and that such facts constitute negligence, they must also believe that these facts proximately caused the injury complained about. St. Louis-San Francisco Ry. Co., v. Davis, 37 Okla. 340, 132 P. 337; A., T. & S. F. Ry. Co. v. St. Louis-San Francisco Ry. Co., 41 Okla. 80, 135 P. 353; Clinton & O. W. Ry. Co. v. Dunlap, 56 Okla. 755, 156 P. 654.

Moreover, the instruction quoted, while stating the acts upon which plaintiff's case of liability is based, fails to state those acts or contentions, or portions of the evidence, which constitute the defense. A careful reading of the instructions, as a whole, fails to disclose that the court at any time, gave to the jury the contention of the defendants as to how the occurrence came about, of which the plaintiff complains. This should have been done. In the case of Henryetta Coal & Mining Co. v. O'Hara, 50 Okla. 159, 150 P. 1114, it is held that:

"Where a case is tried in the lower court on conflicting evidence and theories, it is proper for the court, in its charge, to present both aspects of the case to the jury, and, when this is done, it cannot be said that the charge is conflicting and misleading."

The rule is also well stated in the case of Menten v. Richards, 54 Okla. 418, 153 P. 1177, wherein this court says:

"Each party to a controversy is entitled to have his theory of the case presented to the jury by proper instruction, provided the same has been properly pleaded, and he has introduced evidence tending to support such theory."

Perhaps better practice would have been for the defendant to have requested the court to give such instructions. However, it would hardly seem appropriate for the trial court to outline with great particularity the evidence upon which plaintiff seeks relief, and say nothing about the defendant's theory of the case, or his evidence, other than to generally call attention to the fact that he pleads unavoidable accident as a defense. We must, therefore, conclude that the trial court committed error in omitting these things from the instructions given.

2. The question of punitive damages is not properly in this case and should not have been submitted to the jury. In order to entitle a complaining party to punitive damages, a statute in Oklahoma (O. S. 1931, sec. 9962) provides that the defendant must have been guilty of "oppression, fraud or malice, actual or presumed," before exemplary or punitive damages can be recovered. It is true that this court has, in several cases,* held that where negligence is gross, flagrant and culpable, showing reckless indifference to duty, or to the security of person or property, malice may be inferred, or presumed. In such case the negligence must be such as to virtually raise a presumption of wanton and willful misconduct on the part of the offending party. Western Union Tel. Co. v. Reeves, 34 Okla. 468, 126 P. 216; Williams v. Baldrey, 52 Okla. 126, 152 P. 814.

From the evidence in this case, the jury might reasonably have concluded, under proper instructions, not only that the occurrence was an unavoidable accident, as contended by the defendants, but that the driver of the truck misjudged the speed at which he was traveling as related to the speed of the wagon before him, and not have turned in time or checked his speed sufficiently, to avoid striking the wagon upon which the plaintiff was riding. This might have been negligence, but it would not have been malice, either actual or presumed. There is virtually nothing in the evidence to indicate that the driver of the truck willfully and wantonly, or recklessly drove his truck into the rear of the wagon. In fact, the evidence taken as a whole entirely refutes this theory.

It was, therefore, error for the court to give instruction No. 14, or to submit the question of punitive damages to determination of the jury. This being true, there was no error in refusing to give defendants' requested instruction No. 7, since the question of punitive damages, under any form of instruction, should not have gone to the jury.

3. The only question now remaining to be determined is, whether errors committed in giving instruction No. 12 and in submitting the question of exemplary or punitive damages should work a reversal of judgment, or should be classified merely as "harmless" error. The petition prayed for $750 actual and $500 punitive damages. The verdict of the jury awarded $500 generally, without specifying whether it was actual or punitive.

It appears that the court submitted three forms of verdict: one, generally, for the defendant: one for the plaintiff for so many dollars actual, and so many dollars punitive, damages; and one generally for the plaintiff, so many dollars. The jury adopted and used the last form, finding for the plaintiff $500. It would seem that the jury, in adopting this form and discarding the form for actual and punitive damages, separately, rejected plaintiff's demand for smart money.

No complaint is made that the amount assessed is excessive, under the evidence, even

if the court had fairly submitted the issues involved and the contentions of parties, and upon a careful reading and consideration of the entire evidence we do not think it is excessive, and it is our opinion that substantial justice was done by the jury, in spite of the errors committed and an unnecessarily long-drawn-out trial. The judgment is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Mather M. Eakes, Ray S. Fellows, and W. C. Franklin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Eakes and approved by Mr. Fellows and Mr. Franklin. this cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.