**SQUYRES v. KLICK et al.**

No. 35342.

Supreme Court of Oklahoma.
Oct. 13, 1953.

Rehearing Denied Dec. 8, 1953.

Draper Grigsby, Oklahoma City, for plaintiff in error.

Anglin, Stephenson & Huser, Holdenville, Savage, Gibson & Benefield, Oklahoma City, for defendants in error.

O'NEAL, Justice.

This is an appeal from a judgment rendered in favor of Clifford Luther Klick against Gerald Weyman Squyres. The action arose out of a grade crossing collision between an automobile driven by Squyres, and a railroad motor inspection car owned by the Chicago, Rock Island and Pacific Railroad Company, and operated by Klick.

For clarity we will refer to the plaintiff as Squyres, the individual defendant as Klick, and the Chicago, Rock Island and Pacific Railroad Company, as the Rock Island.

The collision between the automobile and the motor car occurred approximately five miles east of Oklahoma City, at a point where a north and south paved country road designated as Midwest Boulevard, at grade crosses at a near right angle the Rock Island's east-west mainline track. Squyres, driving his car south on Midwest Boulevard, ran his car into the side of the Rock Island's motor car, then operated by Klick.

Squyres based his cause of action upon the negligent acts of Klick and Rock Island upon the following grounds:

(1) Klick's failure to sound a warning.

(2) Klick's driving at an unreasonable speed.

(3) Rock Island's failure to protect the crossing by flagman or other warning devices.

(4) Rock Island permitting the crossing to be obscured by the embankments and a signal device.

(5) Klick's failure to keep a proper lookout or to stop or slow down on seeing Squyres approaching.

Squyres prayed damages for personal injuries resulting in the collision in the sum of $500, and damages to his automobile in the sum of $527.75.

Klick filed an answer in which he denied that the accident was caused by his negligence, and alleged that Squyres was guilty of contributory negligence. Klick also filed a cross-petition against Squyres and Rock Island in which he alleged that due to the physical conditions of the Boulevard as it crosses the Rock Island tracks, that the view of occupant in an automobile, as well as occupants of a motor car, are cut off by the embankment, and mechanical warning device at this intersection; that on the morning of the accident he brought the motor car to a complete stop at a point where he could see up and down the Midwest Boulevard; that after three cars passed over the railroad track, and after observing no other cars approaching, he proceeded to cross Midwest Boulevard; that Squyres' car as it topped the crest of the hill to the north of the track approached at 50 to 60 miles per hour, and ran into the side of the motor car.

Defendant Klick alleged that the accident and his injuries were caused by the following negligence on the part of the plaintiff, Squyres.

(1) Failure to use due care in keeping a lookout for Klick and the crossing as he came over the hill;

(2) Failure to drive at a careful speed, and driving at a speed greater than reasonable considering the dangerous nature of the crossing;

(3) Failure to drive at a speed so as to enable him to stop within the assured clear distance ahead;

(4) Failure to drive on the right side of the highway;

(5) Failure to see Klick on the crossing, when he could have so seen him, and could have avoided the accident in the exercise of due care;

(6) Failure to keep the car under control.

In his cross-petition Klick prays for damages for personal injuries in the sum of $75,000 upon his first cause of action, and for an additional amount of $800 on his second cause of action as against Squyres and the Rock Island.

The specific ground of negligence alleged against the Rock Island need not be elaborated, as the company's liability, if any, arises under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and under that Act the Rock Island compromised and settled Klick's claim for personal injuries received in the accident.

Upon the issues joined the jury returned two verdicts. In the first verdict they found the issues in favor of the defendants Klick and Rock Island. In the second verdict they found the issues in favor of Klick upon his cross-petition and returned its verdict against Squyres in the sum of $10,-000.

Squyres' motion for a new trial was overruled and judgment rendered upon the verdict, from which order and judgment, Squyres appeals.

It is not in dispute that there is an embankment approximately 8 to 10 feet high north of the railroad tracks which obstructs the view north up to a point approximately 20 feet west of the railroad. The Rock Island maintains a battery box three feet wide and six feet high and a cross buck sign on the north side of the track near this intersection. The automatic signal device is not activated on the approach of a small motor car. Klick was the track supervisor for the Rock Island and inspected the track daily between Oklahoma City and Holdenville, Oklahoma. Squyres had travelled over Midwest Boulevard where it crosses

the railroad track on numerous occasions and was familiar with the physical conditions at the scene of the accident. The proof discloses that there is a hill some 500 feet north of the railroad crossing from which point an occupant traveling in an automobile in a southerly direction can observe the railroad track. As Klick approached the intersection he stopped the motor car and after three automobiles had crossed the railroad tracks, and no other cars were in view, he proceeded to cross Midwest Boulevard. At this point Squyres' car ran into the motor car striking it at a point near the center of the intersection of the Boulevard and the railroad tracks. His automobile came to rest on the east side of the Boulevard, 61 feet from the point of the impact, and the motor car came to rest 35 feet south of the crossing and on the east side of the Boulevard. Klick was knocked from the motor car and was thrown 68 feet south of the point of the impact. There were no skid marks upon the paved highway to indicate that Squyres had applied his brakes to avoid the collision.

We are of the view, and so hold, that the verdict of the jury is amply supported by the evidence and must be sustained in the absence of errors of law occurring at the trial. Although the motion for a new trial alleges 29 separate grounds of error which are incorporated in the petition in error, the written argument is limited to alleged errors of certain instructions given by the court.

Squyres, under his Proposition I, alleges errors in the court's instructions Nos. 8, 9 and 11.

Instruction No. 8 advised the jury that Klick, the operator of the motor car, entering upon the railroad and highway crossing at grade, had the right to rely upon the presumption that the driver of the automobile approaching the railroad tracks would maintain a reasonable lookout and stop his automobile in time to prevent a collision.

Instruction No. 9 advised the jury that at the intersection of the track with the highway the motor car has the right-of-way over the automobile; that the railroad track is itself a warning of danger and it is the duty of the driver of an automobile approaching the railroad track to keep a lookout for vehicles on the track.

Instruction No. 11 advised the jury that the operator of the motor car in the absence of some unusual environment or circumstance is justified in believing that the driver of the automobile as it approached the railroad track at grade, would approach at a reasonable rate of speed to enable him to stop in time to avoid a collision.

To support his contention that these instructions are erroneous, Squyres relies upon the case of Clements, Adm'r v. Atchison, T. & S. F. Ry. Co., 124 Okl. 13, 253 P. 496. The instructions in the Clements case were disapproved by this court because the effect of several instructions was to tell the jury that the train took precedence in the use of a crossing, in every instance, against the use by a member of the traveling public, without regard to the nature, situation, and condition of the crossing.

We cannot agree with Squyres that instructions Nos. 8, 9 and 11 are subject to the criticism made in the Clements case, for, as we have seen, instruction No. 8 only required Squyres to exercise reasonable care in keeping a lookout at the crossing to prevent a collision, and in instruction No. 9 the court advised the jury that a railroad track is in itself a warning of danger, and one approaching the track in an automobile must so operate it and keep it under control so as to enable the driver to avoid a collision, and under instruction No. 11, the jury was advised that the operator of the motor car in the absence of unusual environment or circumstances may properly assume that the driver of the automobile will approach the crossing at a reasonable speed so that he may observe an approaching car on the track and bring his automobile to a stop and thereby avoid a collision.

These instructions simply advised the jury that Squyres was required under the circumstances disclosed, to exercise that degree of care for his own safety which a reasonably prudent person should exercise for his own protection in a like situation. These instructions are supported by our decision in Wilson v. St. Louis-S. F. Ry. Co.,

141 Okl. 108, 283 P. 999, 1000, where we approved the following instruction:

"You are instructed, therefore, that it is the duty of a person about to cross a railroad track to make vigilant use of his senses in order to ascertain if there is a train approaching, and it was the duty of the deceased on approaching the track of the defendant railway company, to look and listen for approaching trains before attempting to cross said track, or before putting himself in a place of danger, and it was his duty to keep his faculties in active exercise and not to permit his attention to be diverted from the danger before him, and this duty rested upon him at all times as he was approaching the railroad track and until he reached a place of safety beyond same."

And in the body of the opinion, we stated:

"It should be sufficient to say that this instruction has been very generally used in this character of cases, and has been approved by this court in the following cases: Hines, Director General of Railroads, v. Dean, 96 Okl. 107, 220 P. 860; St. Louis–S. F. Ry. Co. v. Tyler, 107 Okl. 240, 232 P. 414, and St. Louis & S. F. Ry. Co. v. Bryan, 113 Okl. 39, 237 P. 613."

Squyres urges error in the giving of Instruction No. 16. That instruction reads:

"If you find and believe from the evidence that Squyres should have heard or seen the railroad motor car and Klick at or approaching the crossing, had he been keeping a reasonable and ordinary lookout, and if you further find that Squyres could have slowed down or stopped or swerved away from the motor car in time to avoid colliding therewith, but that he failed to keep such a reasonable and ordinary lookout for the motor car until the automobile was too close to stop or avoid the collision, then in that event you are instructed the plaintiff cannot recover herein against the defendants and your verdict should deny recovery in favor of Squyres."

It is contended that the instruction violates the provisions of Art. 23, Sec. 6, of the State Constitution, which provides:

"The defense of contributory negligence or of assumpton of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

The case of Flanagan v. Oklahoma Ry. Co., 201 Okl. 362, 206 P.2d 190, 192, is relied upon in support of the contention that this instruction is erroneous and warrants a reversal of the case.

The vice of the instruction in the Flanagan case was that the court told the jury that it was the duty of every person "to look in each direction and listen so as to ascertain whether or not any cars are approaching from either direction and a failure to do so would be a want of ordinary care."

In Instruction No. 16, the court only charged Squyres "to keep a reasonable and ordinary lookout." The distinction of the two instructions is so apparent, more need not be said.

Before a plaintiff may recover on grounds of alleged negligence, he must establish the primary negligence of the defendant. The obligation to exercise a reasonable care is a reciprocal duty and it is the duty of the trial judge to advise the jury as to the standards of law by which each party shall be governed.

This principle of law was announced in Hines, Director Gen. of R. R., v. Dean, 96 Okl. 107, 220 P. 860, wherein we held:

"While it is well established by the decisions of this court that the trial court should not instruct the jury that if a certain state of facts is found to exist such facts constitute contributory negligence and the plaintiff cannot recover, it is nevertheless the duty of the trial court to instruct the jury, upon request being made, what duty the law imposes upon the plaintiff as well as the defendant and that a breach of that duty is negligence."

Squyres argues that instruction No. 16 in the instant case takes the issue of contributory negligence from the jury because it leaves no room for the jury to determine whether, under all the facts and circumstances, Squyres' failure to see the motor car at or approaching the crossing, or his failure to stop, swerve, or otherwise avoid the collision, was negligence. In other words, his contention, as we understand it, is that the instruction withdraws from the jury their constitutional right to determine the question of fact whether Squyres was himself negligent. We do not so construe the instruction for the reason that a fair reading thereof leaves to the jury whether Squyres should, under the facts and circumstances disclosed in the record in the exercise of ordinary care, have seen the approaching motor car had he been keeping a reasonable or ordinary lookout therefor. The instruction quite properly then told the jury that if they found that Squyres did not exercise such reasonable care, he could not recover. Negligence is the breach of a legal duty. If the jury found the existence of a duty and its breach, clearly the law itself bars a recovery. To so advise the jury is not invading their right to determine the ultimate fact, but on the contrary to advise them that if the ultimate facts are so established, no recovery can be had.

It is further contended that if the issue of negligence was properly submitted to the jury it was an incomplete and defective statement of the law, because the issue of proximate cause was not submitted in the same instruction.

An examination of instruction No. 28 show that the court properly defined the terms "ordinary care," "negligence," the requirements of proof necessary to establish "actionable negligence" and also defined the terms "proximate cause" and "contributory negligence."

In Clanton v. Chrisman, 174 Okl. 425, 51 P.2d 748, 749, an objection was lodged to an instruction in that it did not state: "and you further find that said failure proximately contributed to the injury." Dispos-

ing of that contention this court in its opinion said:

"Undoubtedly, the court should have further instructed the jury that it must believe the things enumerated constituted negligence, and that such negligence was the proximate cause of injury to the plaintiff."

The judgment in that case, however, was affirmed, notwithstanding the court's observation with reference to the omission of the proximate cause clause to the instruction.

We have frequently held that instructions of the court should be considered as a whole and in their entirety, and no particular paragraph thereof should be singled out and given an interpretation which some other paragraph shows was not intended to be placed upon it. Black v. Coleman, 142 Okl. 195, 285 P. 983; Grayson v. Brown, 166 Okl. 43, 26 P.2d 204.

Under 12 O.S.1951 § 78, error which does not affect the substantial right of either party must be disregarded.

We have examined the evidence with reference to the physical injuries received by Klick and are of the view that the verdict below, and the judgment thereon, are amply supported by the record. No contention is here made to the contrary and the record is exceptionally free from error; therefore, the judgment is affirmed.

JOHNSON, V. C. J., and WELCH, CORN and DAVISON, JJ., concur.

HALLEY, C. J., and ARNOLD, WILLIAMS and BLACKBIRD, JJ., dissent.

WILLIAMS, Justice (dissenting).

I cannot agree with the treatment in the majority opinion of the allegation of error with regard to the trial court's instruction number 16. I believe such instruction had the effect of taking from the jury the question of contributory negligence.

Plaintiff relied on our holding in Flanagan v. Oklahoma Ry. Co., supra. The majority opinion says that the vice of the instruction in the Flanagan case was a misstatement of the plaintiff's duty under the

circumstances; while it is true that the court discussed this point, I am convinced that the opinion turned on the identical question involved in the case at hand. This is evidenced by the following quotation from the Flanagan case, which *immediately followed* the quotation of the instruction concerned:

"This contention is well taken and must be sustained.

"We have many times held that an instruction that if a certain state of facts is found to exist such facts constitute contributory negligence was erroneous and constituted reversible error." [201 Okl. 362, 206 P.2d 192.]

I think instruction 16 herein had precisely the same effect in the case at hand as instruction 15 had in the Flanagan case, and whether or not plaintiff's duty was correctly outlined in the Flanagan case is immaterial to the issue here involved.

The following from Hugill v. Doty, 202 Okl. 391, 214 P.2d 257, 259, which has never been reversed, I believe to be particularly pertinent in the case at hand:

"Defendant places special emphasis on Wilson v. St. Louis-S. F. Ry. Co., 141 Okl. 108, 283 P. 999, 1001, as a case in which an instruction almost identical with the one involved was held proper. But the instruction, No. 20, which is set out in full in the opinion in that case, advised the jury that if it found that the deceased, before driving upon the defendant railway company's tracks could have, with the exercise of ordinary care, seen the approaching train or heard it, and that he failed to look and listen 'and failed to use the care that an ordinarily prudent person would have exercised under like circumstances, *and you find that such failure proximately contributed to his injury*' that plaintiff could not recover.

"It is to be noted that this instruction, like all others which we have found which were approved by this court left to the jury the question of whether the failure to look and listen was a failure to use the care which an ordinarily prudent person would have

used under the same circumstances. In other words, it left to the jury the question of whether the failure of the injured party to look and listen, under all the facts and circumstances in the case, was negligence on his part. Instruction No. 15 in the instant case did not leave that question to the consideration of the jury, but told the jury that if plaintiff failed to keep a proper lookout he was guilty of negligence as a matter of law." (Emphasis supplied.)

The majority opinion cites Clanton v. Chrisman, 174 Okl. 425, 51 P. 748, 749, as a case in which the omission of the "proximate cause clause" was held not to be reversible error. But that case is not applicable here for the reason that the instruction under discussion concerned *negligence of the defendant*, not *contributory negligence of the plaintiff*. To further illustrate the difference, we quote the following from that case:

"It is only when the facts are not controverted, or whether controverted or not, when all men must draw the same conclusion from them, that the question of negligence becomes one of law for the court, and, when fair-minded men may honestly draw different conclusions, the question is always one of fact for the jury. * * *"

I am in accord with the above statement with regard to *negligence*. But with regard to *contributory negligence*, our state constitution says:

"The defense of contributory negligence * * * shall, in all cases whatsoever be a question of fact, and shall, at all times, be left to the jury."

I believe instruction 16 in the case at hand had the same effect as if the court had said to the jury, "If you find and believe from the evidence that (certain facts are true), then in that event you are instructed that the plaintiff cannot recover herein against the defendants and your verdict should deny recovery in favor of Squyres (because he would then be guilty of contributory negligence)."

I respectfully dissent.