WALTER G. COWLES, ADMINISTRATOR ON THE ESTATE
OF NELLIE F. COWLES, vs. THE NEW YORK, NEW
HAVEN AND HARTFORD RAILROAD COMPANY ET AL.

WALTER G. COWLES, ADMINISTRATOR ON THE ESTATE
OF RICHARD G. COWLES, vs. THE SAME.

WALTER G. COWLES vs. THE SAME.

LYDE A. KEAGY vs. THE SAME.

First Judicial District, Hartford, May Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The essence of actionable negligence is the infringement of the legal
right of another, or, in other words, the violation of a duty im-
posed by law in respect to another.

Unless required by statute, a railroad company is under no definite
and absolute legal obligation to cut down trees and bushes within
the limits of its right of way which obstruct the vision of a traveler
on the highway as he approaches a grade-crossing; but the exist-
ence of such obstructions is a circumstance to be taken into ac-
count by the trier in determining whether the railroad company
used due care in running its trains at that point.

Argued May 8th—decided June 7th, 1907.

ACTIONS to recover damages for personal injuries alleged
to have been caused by the defendants' negligence, brought
to and heard together in damages by the Superior Court
in Hartford County, *Gager, J.;* facts found and judgment
rendered for the plaintiff for substantial damages in three
of the cases, and for nominal damages only in the fourth
case, from which judgments the losing parties respectively
appealed. *Error in awarding substantial damages, and no
error in the award of nominal damages.*

The defendants own and operate a railroad running from
Middletown, crossing the Connecticut River upon a bridge,
and thence running easterly to the village of East Hamp-
ton and beyond. About three miles westerly from East

Hampton the railroad crosses at grade the main highway between Middletown and East Hampton. The place is called Taylor's crossing. The railroad at this point is double tracked. The railroad runs in a straight line for a distance of 900 feet westerly of the crossing and 500 feet easterly. The highway is substantially parallel to the railroad from East Hampton to Taylor's crossing, near which place it takes a northwesterly direction and crosses the railroad at an angle upon the southeast of about 45 degrees. The tracks at the crossing are laid upon an embankment some 18 feet high, and for approaching the crossing from the southeast an embankment has been built in the highway commencing some 250 feet from the tracks and rising from the natural level of the highway at its commencement to the grade of the tracks. There is a similar embankment on the other side of the crossing. The highway at Taylor's crossing is 4 rods in width, and the approach or embankment in the highway is some 25 feet in width at the top; this approach is fenced upon each side by a four-board whitewashed fence which connects at the crossing with the cattle-guard on each side. On the land adjoining the southwesterly side of the highway, for a distance of about 500 feet from the crossing, trees and shrubbery have been planted, extending to the intersection of the southerly line of the railroad right of way with the line of the highway, at a point about 50 feet south of the southerly track; from this point to within 10 feet of the southerly track trees and bushes have grown on a piece of land which lies within the limits both of the defendants' right of way and of the highway and which is westerly of the four-board whitewashed fence on the westerly side of the approach. The trees and shrubbery on the land of adjoining proprietors, and trees and bushes on the land within the defendants' right of way, together form a continuous material and substantial obstruction to the view of defendants' tracks to the west, and of trains approaching thereon to the traveler approaching said tracks from the southeast.

VOL. LXXX—4

On October 7th, 1905, Walter G. Cowles, with Nellie F. Cowles, his wife, Richard G. Cowles, their son, five years of age, and Lyde A. Keagy, sister of Mrs. Cowles, were riding in an automobile, the property of Mr. Cowles, from East Hampton to Middletown, along said main highway. At East Hampton said highway passes under said railroad, and at a point about a mile easterly of Taylor's crossing passes over said railroad, and the railroad is in plain view at frequent intervals and for considerable distances between Taylor's crossing and East Hampton. Within some 800 feet before reaching the crossing, a high embankment of the railroad upon a curve toward the south is in full view from said highway, and about 300 feet nearer to Taylor's crossing a side highway runs northerly crossing the railroad at grade at a distance of some 300 feet, and the main highway bends northwesterly toward the railroad, intersecting it at Taylor's crossing at a distance of about 500 feet.

At about 6 P. M. Mr. Cowles drove his automobile, which was being operated under his personal direction and supervision by his servant, upon the south track at Taylor's crossing, at the same time an express train of the defendants passed to the east over the same track. The train was driven at the rate of 28 miles an hour; the automobile at the rate of 15 miles an hour. As a result of the collision Mrs. Cowles and her son were killed, and Lyde A. Keagy was seriously injured. The automobile was rendered useless.

On October 30th, 1905, Mr. Cowles was appointed administrator on the estate of his wife, and on the following February 3d, as such administrator, brought this action to recover damages for the injury to Mrs. Cowles, alleged to have been caused by the negligence of the defendants. The defendants suffered a default and filed a written notice pursuant to the statute, that upon the hearing in damages they would offer evidence to disprove their negligence as alleged and to prove contributory negligence. Upon a hearing in damages the court found that the injury to Mrs.

Cowles was due to the negligence of the defendants, and was also due to the negligence of Mr. Cowles, and held that the plaintiff as administrator on Mrs. Cowles' estate was entitled to recover substantial damages, notwithstanding the injury to his intestate was caused by the concurring negligence of the defendants and Mr. Cowles. Thereupon the court assessed substantial damages at the sum of $5,000, and rendered judgment that the plaintiff recover that amount.

The reasons assigned by the defendants in this appeal from that judgment are : first, that the court based its finding of actionable negligence wholly upon an erroneous proposition of law, and that upon the facts as found by the court the alleged actionable negligence was as a matter of law disproved; and second, in holding that the negligence of Mr. Cowles was not in legal effect equivalent to the contributory negligence of Mrs. Cowles.

On the same day that this action was brought, Mr. Cowles, as administrator on the estate of his son Richard G. Cowles, brought an action against these defendants to recover damages for the injury to his son; Lyde A. Keagy brought an action to recover damages for the injury to herself; and Walter G. Cowles brought an action to recover damages for his loss of the services of his wife, for the money expended by him for her medical treatment, for the loss of the services and earnings of his son, and for the injury to his automobile, alleged to be a thirty horse-power car of the value of $4,000. The defendants suffered a default, giving notice of a hearing in damages in each of the cases. They were tried together with the present case, and one finding was made for the four cases. In the case brought by Mr. Cowles in his own name, nominal damages were assessed and the plaintiff appealed. In the other three cases substantial damages were assessed and the defendants in each appealed.

*John T. Robinson,* with whom was *Lucius F. Robinson,* for the defendants.

*William BroSmith* and *Robert C. Dickenson*, for the plaintiffs.

HAMERSLEY, J. The trial court finds that the defendants were guilty of negligence in permitting the existence, without cause or necessity, of trees and bushes upon their right of way, which caused an obstruction to a view of the defendants' tracks by a traveler in the highway approaching the public crossing; and finds that the defendants were guilty of no other negligence than that of permitting said bushes and trees to grow within their right of way.

"The essence of actionable negligence is the infringement of the legal right of another, or, in other words, the violation of a duty imposed by law in respect to another." *Wilmot* v. *McPadden*, 79 Conn. 367, 373, 65 Atl. 157. The acts charged in the complaint as an infringement of the plaintiff's legal right and a violation of the defendants' legal duty in respect to the plaintiff, are substantially these:—

1. A careless and negligent manner of maintaining the tracks at Taylor's crossing, so that the plaintiff could not know of the presence of said tracks or crossing until directly upon the same. The court finds that this charge is disproved; that the tracks at the crossing were laid upon a level, and the iron rails could not be seen by an approaching traveler, because the highway approaches said track at a considerable ascending grade; that any person traveling on the highway ought, in the exercise of reasonable care, to know or apprehend that he is approaching a grade-crossing, and that the defendants maintained at the crossing a warning board as required by law, plainly visible at a distance of at least 300 feet, which for that distance made known to approaching travelers the existence of a grade-crossing.

2. Negligently, carelessly and unskillfully operating the defendants' engine, by driving the same at a high rate of speed across the highway without sounding the engine bell or whistle. The court finds this charge disproved; that

the engine approached the crossing at a speed of 28 miles an hour; that the customary crossing whistle was twice sounded in the manner required by law, and the engine bell rung as the train approached the crossing.

3. Negligently and carelessly permitting bushes and trees to grow upon the land of the defendants within its location or right of way, which obscured from travelers on the highway a view of the defendants' tracks. The court finds that the defendants did, without cause or necessity, permit bushes and trees to grow upon their land, which obscured from travelers on the highway a view of the tracks; and also finds that the railroad commissioners have never ordered the removal of obstructions to sight, nor additions to such warning to travelers as actually existed at said crossing. If the neglect to cut down these trees and bushes is a violation of a duty imposed by law upon the defendants in respect to travelers in the highway, then the conclusion of the court, that the defendants are guilty of actionable negligence, may be sustained; but if they owe no such legal duty to travelers in the highway, then they have infringed no legal right of the defendants, and the only legal judgment upon the facts found is a judgment for nominal damages.

A difference is to be noted between the duties imposed by law upon a railroad corporation as a body politic acting as the agent of the State in pursuance of the State's directions in the establishment, construction and maintenance of a railroad highway for a public use as well as its private profit, and as a private corporation conducting the business of a carrier of goods and passengers through the operation of cars upon the highway thus established. The former are mainly created by statute, which also determines the consequences of their violation; the latter are mainly created by force of the common law, and are similar in character and consequences of violation to those imposed by the common law upon all persons engaged in a similar business. The location and establishment of a railroad highway, as well as of other highways, is an act of State

sovereignty exercised by State agents appointed for that purpose. When a railroad highway and a carriage highway intersect at a common grade, the "grade-crossing" thus formed is established by the State through its agents. A grade-crossing, or the condition existing by reason of such an intersection of two highways, is in the nature of a nuisance and cannot lawfully exist unless in pursuance of State authority. *State's Attorney* v. *Selectmen of Branford,* 59 Conn. 402, 405, 22 Atl. 336; *New York & N. E. R. Co.'s Appeal,* 62 Conn. 527, 530, 540, 26 Atl. 122. Such a subjection of public safety, in the use of both highways to public convenience and necessity, can only be directed by the State. When so directed, neither the railroad corporation as charged with the maintenance of the railroad highway, nor the town or other corporation as charged with the maintenance of the carriage highway, are responsible for the dangers resulting solely from such a construction of the two highways. *Hoyt* v. *Danbury,* 69 Conn. 341, 352, 37 Atl. 1051; *Newton* v. *New York, N. H. & H. R. Co.,* 72 Conn. 420, 429, 44 Atl. 813. At the time of such a construction, or at any time thereafter, the State may order these corporations, as its agents, to alter the construction by a separation of grade or otherwise, and may impose upon them new duties in respect to the performance of which they may be made liable as far as the statute points out; but without such State action they do not, so far as concerns the condition of the roadbed at the crossing and of its approaches, owe any legal duty to travelers using the highway, beyond the statutory duty of maintaining in safe condition the highway as established by the State. It may well be that the railroad company, as owner of land adjacent to the highway, as well as other owners of adjacent land, might, by acts of commission or omission on their land, somewhat lessen to travelers using the highway the dangers incident to the use of the grade-crossing as authorized, and that these acts might involve so little trouble that many men would say the landowners ought to do this much for those exposed to the necessary dangers of

the highway. Conceding this, it does not follow that the traveler in the highway has any legal right to the performance of such a duty by the landowner; and it can make no difference in the nature of such a duty, that the railroad company and the traveler use the highway at the grade-crossing at the same time, assuming the duty imposed by law upon each of exercising ordinary care in the use of the highway under such circumstances. In the present case the defendants, in driving their cars over the grade-crossing, were in the lawful use of a public highway, but they were under a legal duty to Mr. Cowles, as well as to every traveler in the use of the same highway, to exercise ordinary care in the operation of their cars; and the nature and degree of the care was affected by all the circumstances of the case, including the nature of the approaches and the fact that the land adjacent to the highway on one side was covered with trees and bushes for a distance of 500 feet from the crossing, including 40 feet of land owned by the defendants within its location or right of way, so that an approaching traveler could not upon that side of the highway see the defendants' tracks or a train upon them until he came within a few feet of the crossing; and Mr. Cowles owed a like duty of ordinary care to the defendants. It was within the province of a trial judge to determine whether the defendants exercised ordinary care in the operation of their cars in view of these circumstances, especially of the circumstance that Mr. Cowles in approaching the crossing, in order to ascertain whether a train was in fact approaching, was confined to the sense of hearing and could not have used that of sight to any material advantage if he had been so inclined. To this extent, that is, as affecting the nature and degree of care required of the defendant in the operation of its cars, and to this extent only, could the existence of trees upon the land of the defendants support a conclusion of actionable negligence in this case. We think that the mere neglect to cut down such trees, whether causeless or not, whether they could be cut down with slight trouble and expense or not, is not

—in the absence of any statute requiring railroad companies to keep their right of way free from unnecessary obstructions to a view of their tracks and trains by persons using an adjacent highway—in itself actionable negligence. The duty of a railroad company and a traveler in respect to each other, when both are in the exercise of a lawful right to the use of a public highway, to exercise ordinary care in that use, is a mutual legal duty by force of the common law, in connection with any modifying statute that may exist. No such relative mutual duty can arise between a traveler in the lawful use of a highway and a railroad company in the lawful use and occupation of its adjacent land. Any duty to use such land for the benefit of the traveler would be one resting on the railroad company as an absolute duty, not involving a reciprocal duty from the traveler, and such absolute duty does not exist by force of the common law.

Any duty (not relative and mutual but absolute) of a railroad company as an agent of the State charged with the maintenance of a railroad highway, to restrict the lawful use of its land within the limits of its location or right of way in any specific manner or by the use of ordinary care, so as to minimize the dangers necessarily incident to the use by the traveling public of an adjacent highway, is not a legal duty unless made so by statute. The view of the trial court, that the neglect of the defendants to cut down the trees and bushes upon their land which obstructed a view of their tracks from travelers passing on the highway, was in itself a violation of the defendants' legal duty and therefore constituted actionable negligence, finds support in some authorities. *Chicago & Eastern Illinois R. Co.* v. *Tilton*, 26 Ill. App. 362, 366; *Terre Haute & Peoria R. Co.* v. *Barr*, 31 id. 57, 60; 2 Thompson on Negligence, §§ 1507, 1508. The contrary view finds support in *Cordell* v. *New York Central & H. R. R. Co.*, 70 N. Y. 119; *Nashville, C. & St. L. R. Co.* v. *Witherspoon*, 112 Tenn. 128; *Atchison, T. & S. F. R. Co.* v. *Hawkins*, 42 Kan. 355; *Chicago, R. I. & P. Ry. Co.* v. *Hinds*, 56 Kan. 758; 2

Sherman & Redfield on Negligence (5th Ed.), § 478; Baldwin on American Railroad Law, p. 402. We have never before had occasion to discuss this question, and must therefore treat it as an open one. For the reasons above suggested we are satisfied that while trees growing upon land adjacent to the highway, including land owned by the railroad company, which substantially obstruct the view of a traveler approaching the grade-crossing, is clearly one of the circumstances to be considered in determining whether the railroad company exercised ordinary care in the operation of its cars at a particular time, yet the mere neglect of the company to cut down trees on its own land, although proper to be considered with all the surrounding circumstances affecting the care required at that time, is not in itself a violation of any legal duty the company owes to a passing traveler (unless so made by statute), and is not, therefore, in the absence of any other negligence, a neglect which constitutes actionable negligence.

We need not now discuss the range of possible circumstances proper to be considered in determining the use of ordinary care by a railroad company in operating its cars at a grade-crossing; nor the possible precautionary measures, at crossings of peculiar and exceptional danger, such ordinary care may require. In this case the finding of the court shows that the defendants did exercise ordinary care in the operation of their cars in view of the character of the crossing as it existed at the time of the accident; and the court also finds that the defendants had, without cause or necessity, permitted trees to grow upon their land within their right of way for a distance of some 50 feet from the crossing, which for that distance obstructed the plaintiff's view of an approaching train until he came within some 10 feet of the railroad tracks. It seems to us that this fact, the defendants being found guilty of no other negligence, does not constitute actionable negligence, and therefore, upon the facts found, the trial court should have assessed nominal damages.

There is error; the judgment of the Superior Court is

set aside and the cause remanded for the assessment of nominal damages.

The decision in this case must, for the reasons above stated, govern the disposition of the three other cases. Accordingly the judgments rendered in two of them—Cowles, Administrator of Richard G. Cowles, vs. The New York, New Haven and Hartford Railroad Company *et al.*, and Keagy vs. the same Company—are erroneous and are set aside, and the cases are remanded for the assessment of nominal damages. In the remaining case of Cowles vs. the same defendant, the judgment for nominal damages is correct.

In this opinion the other judges concurred.