MIDLAND VALLEY RAILROAD CO. v. PETTIE.

No. 31515. Oct. 9, 1945.

*162 P. 2d 543.*

■

James D. Gibson, Charles P. Gotwals, and Wm. A. Killey, all of Muskogee, and H. L. Smith, of Tulsa, for plaintiff in error.

Hughey Baker, of Tulsa, for defendant in error.

M. D. Green, J. E. M. Taylor, M. K. Cruce, G. W. Satterfield, Draper Grigsby, W. R. Bleakmore, Robert M. Rainey, Streeter B. Flynn, G. M. Green, and F. G. Anderson, all of Oklahoma City, and Thomas B. Pryor, of Fort Smith, Ark., amici curiae.

PER CURIAM. Prudent Pettie, hereinafter referred to as plaintiff, filed her action against the defendant, Midland Valley Railroad Company, alleging that on the 24th day of December, 1941, she sustained an injury when a truck in which she was riding collided with a train of defendant at a crossing in the town of Bixby. At the conclusion of evidence offered by the plaintiff the defendant demurred to the evidence and moved for a directed verdict at the close of all the evidence. Both the demurrer and motion for directed verdict were overruled. A verdict was returned for the plaintiff for $1,800. Judgment was rendered thereon and defendant appeals.

The record discloses that plaintiff was riding in a truck owned and operated by B. B. Bullock. She was in the front seat of the truck with the driver, who was driving east on a thoroughfare in the town of Bixby when the train struck the truck at the crossing of said street and railroad. The crossing was at an angle to the street and the view was obstructed to a certain extent by a lumber yard and a picket fence with some material stored near or against the fence. The plaintiff testified that the train was approaching at a speed of approximately 40 miles per hour and this was in excess of the ordinance of the town of Bixby. Witnesses also testified that the engineer failed to sound the bell or blow the whistle.

It is first argued that there was no proper service of summons. 12 O. S. 1941 § 167 provides the manner of service upon a railroad company in certain cases. The return of summons showed service on T. O. Abernathy, local freight agent, and negatived the presence in the county of a designated service agent, the president, chairman of the board of trustees, cashier, secretary or managing agent. Section 167, supra, provides that in the absence of designated service agent summons may be served, among others, on the freight agent. We hold that the service was sufficient and there is nothing contrary to this holding in St. Louis & S. F. R. Co. v. Reed, 59 Okla. 95, 158 P. 399, and cited related authorities.

It is next argued that there is no evidence that the alleged negligence was the proximate cause of the injury. Among other things the alleged acts of negligence are (1) the operation of a train in excess of speed authorized by the ordinances of the town of Bixby and at an excessive speed; (2) the failure to ring the bell or blow the whistle when approaching the crossing; (3) the obstruction of view of the right of way. In Oklahoma City v. Wilcoxson, 173 Okla. 433, 48 P. 2d 1039, in a similar proposition we stated that where the evidence tending to establish primary negligence was conflicting the question of negligence is one for the jury and that there was no error in submitting the case to the jury. See, also, Marland Refining Co. v. Duffy, 94 Okla. 16, 220 P. 846, 35 A. L. R. 52. Whether approaching a crossing at a rate of speed in excess of an ordinance with an obstructed view of the right of way and without sounding the bell or blowing the whistle constitutes negligence which is the proximate cause of the injury are questions of fact properly submitted to the jury. Kurn et al., Trustees, v. Freeman, Adm'r, 189 Okla. 57, 113 P. 2d 194. We find no error in submitting the case to the jury.

In the third, fourth, fifth, and sixth propositions the defendant objects to certain instructions. One instruction, in effect, told the jury that the burden of proving contributory negligence was on the defendant. Defendant argues that if the evidence discloses that B. B. Bullock was negligent, the burden was on the plaintiff to establish affirmatively that she did not contribute to the negligence of B. B. Bullock; that it was therefore the duty of the trial court to instruct the jury to that effect. This contention cannot be sustained. In Shefts Supply Co. v. Purkapile, 169 Okla. 157, 36 P. 2d 275, we held that the mere fact that the driver of a vehicle was negligent did not establish the negligence of a passenger. The court reasonably defined contributory negligence in the case at bar, and we find no error in the instructions given.

Error is assigned to the giving of instructions Nos. 8 and 23, which, being related in substance, are considered together in the brief and will be so considered here. They are as follows:

"No. 8. You are instructed further that it is the duty of the defendant to maintain the road but on the right of way of any public highway or street over the right of way and to maintain the same unobstructed, and in this connection you are likewise instructed that if you find that the defendant had permitted anyone to build or maintain any obstruction which obstructed the view of approaching trains and that the same was the proximate cause of plaintiff's injury, then your verdict should be for the plaintiff."

"No. 23. You are instructed, Gentlemen of the Jury, that if you find the railroad company had permitted the Stephenson-Browne Lumber Company, or any other company, to construct a building upon their right of way and to obstruct the view of this plaintiff and that such act was the proximate cause of plaintiff's injury, then and in that event your verdict will be for the plaintiff."

The vice charged is that the instructions are confusing, ambiguous, contrary to law, and invade the province of the jury.

The objection that the instructions are contrary to law is well taken. The effect of the instruction is to declare that permitting the structures to remain on its right of way is negligence per se.

In the absence of statute restricting its right so to do, the defendant company as owner of its right of way is authorized to erect or permit the erection of such lawful buildings or other structures it may deem proper in the use of its right of way in the conduct of its business. And until restrictions are imposed the duty that devolves upon the company to the traveler upon a highway crossing its right of way is not to forego its right to maintain such structures but the legal duty to exercise care, and the nature and degree of care is to be determined from all the existing circumstances, including such buildings or structures if the same contribute to the hazard of the crossing by obstructing the view of the traveler or otherwise.

The controlling principle in such case was declared by this court in paragraph 3 of the syllabus in Missouri, K. & T. R. Co. v. Perino, 89 Okla. 136, 138, 214 P. 907, and again announced in paragraph 1 of the syllabus of said case on second appeal reported in 118 Okla. 138, 247 P. 41, 47 A. L. R. 283. We there stated:

"If a railroad company, in the ordinary conduct of its business, leaves freight cars standing upon a side track at or near a public crossing, so as to partially obstruct the view of persons passing over such crossing, such fact of itself does not render the company liable for accidents occurring at the crossing, but merely imposes a duty of greater care both upon the company and upon those using the highway."

That this doctrine is equally applicable to buildings and structures on the right of way as well as cars upon the company's tracks see: Cowles v. N. Y., N. H. & H. R. Co., 80 Conn. 48, 66 Atl. 1020; International & G. N. Ry. Co. v. Knight, 91 Tex. 660, 45 S. W. 556;

Kessler v. Davis, Federal Agent, 111 Kan. 515, 207 P. 799; Childress v. Lake Erie & W. R. Co. et al., 182 Ind. 251, 105 N. E. 467.

In support of the instructions there are cited St. Louis-S. F. Ry Co. v. Pufahl, Adm'r, 172 Okla. 449, 45 P. 2d 729, and Chicago, R. I. & P. R. Co. v. Taylor, 79 Okla. 142, 192 P. 349.

In the Pufahl Case the court held that whether the maintenance of an embankment that extended upon the right of way and obscured vision of the occupants of the car, along with many other alleged acts of negligence, were questions for the jury. From this it would follow that even if negligence could be predicated upon the maintenance of the structures in the instant case, same would be a question for the jury and not the court and so does not support said instructions. The court was there concerned in giving emphasis to the rule that in Oklahoma in contradistinction to other states the questions of negligence and contributory negligence were within the exclusive province of the jury. The court there did not have under consideration the classes of objects upon the right of way, the mere maintenance of which might be an act of negligence, and could not be construed as applying to structures. The doctrine of the Pufahl Case, considering the scope thereof as confined to embankments, trees, weeds, and such like, finds support in the authorities (see cases in annotation vol. 10, Ann. Cases, p. 485). But to expand the doctrine to include structures erected or permitted to be erected by the company would qualify the right of the company to erect buildings, loading platforms, cattle chutes, etc., whereas the law only requires that the care exercised shall be commensurate with the need arising by reason of such changed conditions.

In Chicago, R. I. & P. R. Co. v. Taylor, supra, the company was held liable for permitting the city to maintain an excavation on the right of way and street. There the duty of the company arose by virtue of the statute (66 O.S. 1941 § 128) to keep the crossing itself unobstructed and in good condition and that it was not relieved therefrom by the act of the city which was in effect a nuisance of which the company was charged with notice. It is manifest the cited case has no application here.

The instructions so given, instead of being directions as to the law of the case to enable the jury to better understand their duty, and to prevent them from arriving at wrong conclusions (Butler v. Gill, 34 Okla. 814, 127 P. 439; Hanson v. Kent & Purdy Paint Co., 36 Okla. 583, 129 P. 7), in effect mislead the jury. And the issue to which the instructions are applicable being material, the error is prejudicial and requires a reversal.

Other errors are assigned, but their consideration not being necessary to a determination of this appeal, same will not be considered.

The judgment of the trial court is reversed and cause remanded, with instructions to grant a new trial.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. CORN, J., dissents.