## HUGILL v. DOTY.

No. 33485. Dec. 6, 1949.
Rehearing Denied Jan. 31, 1950.

214 P. 2d 257.

Appeal from District Court, Tulsa County; Eben L. Taylor, Judge.

Carl H. Livingston, of Tulsa, for plaintiff in error.

W. N. Randolph and Pierce, Rucker, Mock, Tabor & Duncan, all of Tulsa, for defendant in error.

LUTTRELL, J. Plaintiff, Hugill, brought this action against defendant, Doty, for personal injuries sustained by plaintiff when struck by an automobile belonging to and driven by defendant. Defendant in his answer denied negligence, alleged contributory negligence, and further pleaded that the accident was unavoidable. The trial court submitted the case to the jury, which returned a verdict in favor of defendant, and plaintiff appeals.

On the appeal the sole question presented for determination is whether the trial court erred in giving the jury instruction No. 15.

The facts are undisputed. Plaintiff was crossing East Thirteenth street in

the city of Tulsa, at its intersection with Troost avenue, walking, as he testified, in the crosswalk between the sidewalk on the north side of Thirteenth street and the sidewalk on the south side of Thirteenth street. According to plaintiff's testimony, which is not seriously disputed or contradicted, he looked before he entered the crosswalk, saw defendant's car approaching from the west approximately a block away, and proceeded across the street without paying any further attention to defendant's car, assuming that he had ample time to cross the street before defendant reached the intersection. He was almost across the street when he was struck by defendant's automobile. Defendant was approaching the intersection from the west side of Troost avenue, while plaintiff was walking across the intersection·on the east side of Troost avenue. Defendant admitted the collision, testified that he observed the plaintiff when he was about 150 feet west of the intersection, then he blew his horn and slowed his car, and that after he had entered Troost avenue he applied his brakes full force, but was unable to stop in time or avoid the plaintiff. Under the ordinances of the city of Tulsa admitted in evidence plaintiff, in crossing the intersection, had the right of way over approaching automobiles.

The trial court in instructing the jury defined unavoidable accident, defined negligence and reasonable ordinary care, and proximate cause, and. instructed the jury that plaintiff, if walking in the crosswalk, had the right of way. Instruction No. 15, which is the instruction questioned here, reads as follows:

"No. 15 You are instructed that under the law it is assumed all persons in crossing streets will use ordinary care for their own safety, that is, that they will use their sense of sight or hearing in order to keep a proper lookout for vehicles using the streets. If you find from the evidence that the plaintiff failed to keep a proper lookout for his own safety and by so doing

could have avoided the accident, then that would be negligence on the part of the plaintiff."

The trial court further instructed the jury that if they found both plaintiff and defendant were guilty of negligence which contributed to the accident, plaintiff could not recover. It then instructed the jury on contributory negligence.

The contention of plaintiff that instruction No. 15 invaded the province of the jury must be sustained. Under the evidence the question of whether plaintiff, in failing to keep a further lookout under all the facts and circumstances in the case, was guilty of negligence, in that he failed to use reasonable and ordinary care in crossing the street, was a question to be determined by the jury, and the instruction of the trial court withdrew that question from the consideration of the jury. The instruction told the jury in effect that if by keeping a proper lookout, regardless of the facts and circumstances in the case, plaintiff could have avoided the accident, he was guilty of negligence. In so doing the trial court erred.

We have in numerous cases held that the question of negligence is for the jury where there is a reasonable doubt as to facts or as to the inferences to be drawn from the facts. Wisdom v. Bernhardt, 170 Okla. 385, 40 P. 2d 679; Midland Valley R. Co. v. Pettie, 196 Okla. 52, 162 P. 2d 543; Miller v. Dobbs, 180 Okla. 576, 71 P. 2d 737.

In Midland Valley R. Co. v. Pettie, supra, the trial court instructed the jury that if they found that the railroad company had permitted the construction of a building upon its right of way which obstructed the view of plaintiff, and that the same was the proximate cause of his injury, their verdict should be for plaintiff. Commenting on this instruction, we said:

"In the Pufahl case (St. Louis-S. F. Ry. Co. v. Pufahl, Adm'r, 172 Okla. 449, 45 P. 2d 729) the court held that whether the maintenance of an embankment that extended upon the right of way

and obscured vision of the occupants of the car, along with many other alleged acts of negligence, were questions for the jury. From this it would follow that even if negligence could be predicated upon the maintenance of the structures in the instant case, same would be a question for the jury and not the court and so does not support said instructions."

In Harris v. Missouri-K. & T. Ry. Co., 24 Okla. 341, 103 P. 758, after stating that in a negligence case we would sustain the verdict if there was any evidence tending to support it, we said:

"And in cases like the one at bar, which turn on the question whether the party exercised ordinary care or was guilty of negligence, after the usual and appropriate definitions of those terms by the court, it is in the province of the jury to say, from a consideration of the evidence, whether in the particular case ordinary care was exercised, or whether there was negligence. In other words, what is ordinary care, or what is negligence, in the particular case, is a question of fact for the jury, and not of law for the court."

In all these cases, and in other cases cited in the Oklahoma Digest, vol. 11, Key No. 136 (14), we have adhered to the rule that where, under the facts and circumstances shown in a given case, reasonable men might differ as to whether plaintiff or defendant, as the case may be, did not exercise reasonable care and caution, and were guilty of negligence, that question was solely for the consideration of the jury. We have likewise held that under the Constitution, art. 23, sec. 6, contributory negligence was at all times a question for the jury. Mascho v. Hines, 91 Okla. 295, 217 P. 856; Sweet v. Henderson, 72 Okla. 51, 178 P. 666; Folsom-Morris Coal Mining Co. v. Scott, 107 Okla. 178, 231 P. 512. The rule announced in these cases has been scrupulously adhered to in the later decisions of this court. See Flanagan v. Oklahoma Ry. Co., 201 Okla. 362, 206 P. 2d 190.

Defendant asserts that the instruction merely advised the jury of plaintiff's legal duty, and therefore was properly given, citing Hines v. Dean, 96 Okla. 107, 220 P. 860; St. Louis-S. F. Ry Co. v. Tyler, 107 Okla. 240, 232 P. 414, and other cases. The decisions in those cases have no application to the instant case, for in this case the trial court went further than to state in the abstract the duty imposed upon plaintiff by law.

Defendant places special emphasis on Wilson v. St. Louis-S. F. Ry Co., 141 Okla. 108, 283 P. 999, as a case in which an instruction almost identical with the one involved was held proper. But the instruction, No. 20, which is set out in full in the opinion in that case, advised the jury that if it found that the deceased, before driving upon the defendant railway company's tracks could have, with the exercise of ordinary care, seen the approaching train or heard it, and that he failed to look and listen "and failed to use the care that an ordinarily prudent person would have exercised under like circumstances, and you find that such failure proximately contributed to his injury," that plaintiff could not recover.

It is to be noted that this instruction, like all others which we have found which were approved by this court, left to the jury the question of whether the failure to look and listen was a failure to use the care which an ordinarily prudent person would have used under the same circumstances. In other words, it left to the jury the question of whether the failure of the injured party to look and listen, under all the facts and circumstances in the case, was negligence on his part. Instruction No. 15 in the instant case did not leave that question to the consideration of the jury, but told the jury that if plaintiff failed to keep a proper lookout he was guilty of negligence as a matter of law.

Reversed, with directions to grant plaintiff a new trial.

DAVISON, C. J., ARNOLD, V. C. J., and HALLEY and O'NEAL, JJ., concur. CORN, J., concurs in conclusion. WELCH, GIBSON, and JOHNSON, JJ., dissent.