Otto C. LUCY. Plaintiff in Error,

v.

ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, and E. E. Davis, Defendants in Error.

No. 39899.

Supreme Court of Oklahoma.

Oct. 22, 1963.

Gomer Smith, Jr., Wilbert G. Smith, Oklahoma City, for plaintiff in error.

E. D. Grinnell, Jr., St. Louis, Mo., Loeffler & Allen, Bristow, Franklin, Harmon & Satterfield, Oklahoma City, for defendants in error.

DAVISON, Justice.

This is an appeal by Otto C. Lucy (plaintiff below) from an adverse verdict in favor of St. Louis-San Francisco Railway Company and E. E. Davis (defendants below) in an action for personal injuries that plaintiff claims to have suffered as the result of a collision between the automobile he was driving and the switch engine of the railroad defendant, upon which the defendant Davis was working as fireman.

Plaintiff urges that the trial court erred in instructing the jury on unavoidable accident. This requires that the pertinent portion of the record be examined and considered in order to determine whether such instruction was proper.

The collision took place under conditions of good visibility on June 18, 1958, at about 10:30 A.M. in Muskogee, Oklahoma, at the intersection of D Street and the railroad tracks. At this point there are three lines of tracks extending east and west parallel to each other, with D Street crossing them at right angles in a north and south direction. D Street is a gravel street about 17 feet wide where it crosses the tracks and terminates in a dead-end opposite the office of a construction company immediately after it crosses the south or third line of the tracks.

Plaintiff testified that he was familiar with the railroad crossing by reason of having visited the office of the construction company a number of times as a representative of his employer, and that on the day in question he drove south on D Street and stopped opposite the north or first line of tracks and looked up and down the tracks; that he saw the switch engine stopped and standing on the third line of tracks just west of D Street, and did not hear any bell or whistle from the engine; that he then drove south (with the car windows down) at about 5 or 6 to 10 mph and when the front part of his car was in front of the switch engine the engine jumped forward and struck his car and pushed it some 20 or 30 feet down the track before stopping, with the forward part of the car in front of the switch engine; and by reason thereof he suffered certain physical injuries. The person who towed plaintiff's car from the collision scene corroborated plaintiff's testimony as to the location of the car after it came to rest.

Defendants' evidence was that the switch engine was engaged in switching operations west of D Street and was pulling three empty coal cars in an easterly direction from a spur on to the third track to a point where the third coal car would clear the spur switch and to then push the coal cars back west to another location; that in order for the third coal car to clear the spur switch the switch engine would have to cross D Street; and that while so engaged the switch engine proceeded east toward D Street at a speed of 3 to 4 mph with bell ringing and whistle sounding and headlight burning, and without stopping into D Street where plaintiff's car collided with the front left corner or left side of the engine. The defendant fireman Davis was riding on the left side in the cab on the rear of the switch engine and testified that when the engine was about 50 feet from the crossing he saw plaintiff's car approaching from the north at a speed of 3 to 4 mph and without stopping, and that when both car and engine were about 20 feet from the crossing and it appeared plaintiff was not going to stop, he yelled and the engineer immediately applied the brakes. According to defendants' evidence the plaintiff's car never entered upon the track in front of the engine and both came to rest with their sides together and the rear portions of both standing upon the graveled part of D Street. This is corroborated by a photograph made shortly after the collision. There was testimony that plaintiff had impaired vision in his right eye which, according to medical opinion, could have given plaintiff the impression the engine was stopped when in fact it was moving slowly forward.

From our examination of this evidence it appears that the trial judge could have justly concluded that the jury

upon consideration of all of the evidence could rightly determine that none of the parties were negligent. It further appears that such a jury finding, based upon the parties' respective versions of how the accident occurred, would have been sustained by competent evidence. The fact that the evidence was equivocal or conflicting did not render the instruction improper. It was not the province of the trial court to determine the preponderance of the evidence as this was the prerogative of the jury.

In Pankey v. Public Service Company of Oklahoma, Okl., 288 P.2d 373, where two motor vehicles collided at a street intersection, we denied contentions similar to those presented by plaintiff in the present case and stated:

"Where, from portions of the evidence of both plaintiff and defendant when considered together, and if found by it to be the facts, the jury might reasonably have concluded that neither of the drivers of two motor vehicles colliding at a street intersection was guilty of culpable negligence, and that the collision could not have been prevented by either using means suggested by common prudence, the issue of 'unavoidable accident' is sufficiently joined that the trial court may properly instruct the jury thereon."

See also Keltch v. Strunk, Okl., 295 P.2d 785.

It is our conclusion that under the circumstances the trial court did not err in giving an instruction on unavoidable accident.

In connection with the above proposition plaintiff complains that defendants did not plead unavoidable accident.

Defendants' answers do not expressly plead such a conclusion but do plead facts constituting a statement of this defense. Furthermore in Rowton v. Kemp, 190 Okl. 558, 125 P.2d 1003, we held a court is authorized to instruct on the issue of unavoidable accident whenever the evidence introduced on the trial would justify a finding on such issue.

Plaintiff also urges that the court erred in admitting a photograph in evidence over the objection of plaintiff.

This objection has reference to the photograph showing the switch engine and car with their sides together after the engine had stopped. The photograph controverts the testimony of plaintiff and his witness that the engine and car came to rest with the front portion of the car in front of the engine. It was shown that the photograph was taken by a newspaper photographer who was not available at the trial to identify the picture. An employee of the newspaper testified that he was a photographer and engraver for the newspaper and that the photographer who took the picture delivered the film to him at 11:00 A.M. on the date of the accident and that he developed the film and placed the negative in the records of the newspaper, where it was kept under lock and in his charge, and that he made the photograph from such negative. Two witnesses testified that the photograph reflected the position of the vehicles when they came to rest.

In Benefield v. State, Okl.Cr., 355 P.2d 874, 879, the court quoted with approval as follows:

" 'In order to warrant the admission of a photograph in evidence, it is only necessary to show, if otherwise competent, that it is a correct likeness of the objects it purports to represent, and this may be shown by the one making it, or by any other competent witness.' "

The trial court did not err in admitting the photograph in evidence.

Plaintiff further urges that the court erred in giving instructions 13 and 14 on the ground that these instructions informed the jury what acts or omissions constituted contributory negligence as a matter of law and deprived the jury of its constitutional right to determine this proposition as a question of fact. Okla.Const., Art. 23, Sec. 6.

In support of this alleged error the plaintiff cites Hugill v. Doty, 202 Okl. 391, 214 P.2d 257, Flanagan v. Oklahoma Ry. Co., 201 Okl. 362, 206 P.2d 190, and other decisions. These decisions hold that it is error to instruct the jury that if a certain state of facts is found to exist, such facts constitute contributory negligence. In other words that such facts are contributory negligence as a matter of law and thereby deprive the jury of its prerogative to decide this matter as a question of fact.

In the instant appeal the trial court instructed the jury as to the degree of care required of railroads and travelers at crossings and the statutory duties applicable to plaintiff as a driver and to the railroad in approaching a crossing. The trial court then gave instruction 13 telling the jury they still must consider whether the plaintiff or defendants exercised ordinary care under the facts and circumstances, and although they found no violation of a statute, if they found plaintiff failed to exercise ordinary care under the circumstances in the operation of his vehicle, then this would constitute negligence, but if they found plaintiff exercised reasonable care, but that defendants failed to exercise ordinary care under the circumstances in the operation of the train, this would constitute negligence.

In instruction 14 the trial court instructed the jury that under the evidence the plaintiff knew of the presence of the crossing and this fact placed a duty on plaintiff to use ordinary and reasonable care under the circumstances to keep a lookout for an approaching train and for any warning of an approaching train, and that:

"* * * Should you find that the engine and train approached the crossing without stopping and that by the exercise of reasonable care the driver of the car could have seen or heard the train or any warning of its approach in time to avoid the accident, and that he failed to use reasonable care in this respect, and if such failure was the direct and proximate cause of plaintiff's

injuries, then your verdict must be in favor of the defendants.

"However, should you find that the train was stopped immediately West of the crossing when plaintiff approached and started across the railroad tracks and that plaintiff observed the engine stopped at such position, it would then be your duty to decide if plaintiff exercised ordinary and reasonable care in proceed—(sic) across the railroad tracks in front of said engine. If you find that plaintiff exercised ordinary care under the circumstances in proceeding across the tracks and that the defendants themselves failed to keep a proper lookout and started their train up and drove it upon the crossing and against plaintiff's automobile without any warning of said movement and that said actions of the defendants were the sole and proximate cause of the accident and plaintiff's resulting injuries and damages, then your verdict must be in favor of plaintiff and against the defendants and each of them."

From our examination of these instructions we do not find therein any instruction that any certain state of facts, if found by the jury to exist, constitute contributory negligence, but to the contrary the instructions leave to the jury the task of determining the question of whether, under the facts and circumstances existing in the case, the parties exercised or failed to exercise ordinary care in the doing or performance of their various acts. For this reason the authorities cited by plaintiff are not applicable to the instructions in the instant case.

■ In Wilson v. St. Louis-San Francisco Ry. Co., 141 Okl. 108, 283 P. 999, the instructions were similar to those in the present case and we held the instructions were not erroneous, since they left to the jury the question of whether the injured party, under all the facts and circumstances in the case, was negligent, and stated:

"Where the defense of contributory negligence is interposed, it is error for the court to instruct the jury that if

they find a particular set of facts or circumstances to exist, then as a matter of law the injured party is guilty of contributory negligence, but it is not error for the court to tell the jury what duties the law imposes upon the injured party, under such circumstances, so long as the court does not take away from the jury some proper question of fact."

In plaintiff's cited case of Hugill v. Doty, supra, we called attention to the existence of this distinguishing feature in the instructions in the Wilson case, supra. The same difference appears in the instructions in the present case.

For the reasons stated we conclude that plaintiff's contention is without merit.

Affirmed.