Mary Louise DAVIS, Appellee,

v.

NATIONAL PIONEER INSURANCE COMPANY, Appellant.

No. 45644.

Court of Appeals of Oklahoma,
Division No. 1.

Oct. 2, 1973.

Greer & Greer, Henry W. Conyers, Jr., by Jefferson G. Greer, Tulsa, for appellee.

Best, Sharp, Thomas & Glass, Joseph A. Sharp, Jack M. Thomas, Tulsa, for appellant.

BAILEY, Presiding Judge:

Plaintiff, Mary Louise Davis, initiated this action against her liability insurer, the National Pioneer Insurance Company, after a judgment against her for $15,000.00, arising out of an automobile accident. The maximum coverage under her policy was $5,000.00, and she commenced this action for compensatory and punitive damages for unreasonable and bad faith failure by the Company to settle within the policy limits. She also claimed an attorney's fee for her attorneys' services in this suit.

After a trial the jury returned a verdict in her favor against the Company for $10,000.00, compensatory and $1,500.00, punitive damages. Following this verdict, the trial court also awarded $2,500.00 attorney's fees to the plaintiff. Defendant appeals.

■■ The defendant first says that the evidence was wholly insufficient to go to the jury and that the trial court should have directed a verdict. The standard in determining the sufficiency of the evidence for the jury in Oklahoma is whether the evidence favorable to the plaintiff together with reasonable inferences therefrom, disregarding any unfavorable evidence, makes out a prima facie case. Andrews v. Aday, 380 P.2d 271 (Okl.1963). We have reviewed the evidence carefully. Though in conflict on almost every point there is evidence that there was a substantial possibility in the original case of a jury verdict in excess of the $5,000.00 policy limit and that the plaintiff's attorney offered to accept $4,500.00, which was rejected and that the Company made no offer of settlement in excess of $500.00. This was enough to make a jury question as to whether the refusal of the Company to settle within the policy limits was unreasonable and in bad faith under the standard laid down in National Mutual Casualty Co. v. Britt, 203 Okl. 175, 200 P.2d 407, 218 P.2d 1039 (1948) and Boling v. New Amsterdam Casualty Co., 173 Okl. 160, 46 P.2d 916 (1935).

■ Defendant also complains that the instructions by the trial court failed to define the terms "good faith" per instruction requested by the defendant and "bad faith" and unduly emphasized the plaintiff's theory of the case. It is true that these terms were not defined specifically. However the trial court instructed in detail as to the circumstances in which the jury could find that a failure to settle within the policy limits was unreasonable or in bad faith using substantially the language employed in Supreme Court decisions. This conveyed to the jury the proper standard by which to make a judgment even though "good faith" and "bad faith" dictionary definitions were never given. The tort of bad faith or unreasonable failure to settle within the policy limits is not one capable of simple or concise definition. See Annotation, 40 A.L.R.2d 168 (1955). We think the court properly invoked language of the Oklahoma Supreme Court in describing the various conditions in which recovery should be denied or allowed.

■ It was the trial court's description in detail of the circumstances under which the plaintiff might recover which seems to be the basis for the defendant's complaint of undue emphasis of the plaintiff's theory. As we have said, we think extensive treatment of the tort is justified by its complex nature. Moreover particular wording or repetition must be left to the discretion of the trial court and we should not reverse unless there is obvious prejudice to one party because of overemphasis on the case of the other shown by the instructions viewed as a whole. Skaggs v. Gypsy Oil Co., 169 Okl. 209, 214, 36 P.2d 865, 870 (1934). We do not find the instructions here so one sided as to require reversal under this standard.

■ Defendant also complains of some of the instruction because they state that if a certain state of facts is true then such facts would establish bad faith of the defendant. So long as such instructions correctly state the law, and there is no complaint here that they did not, and so long as such instructions leave to the jury the privilege of determining whether such

facts are true, as these do, we do not think that such instructions are erroneous. In fact they are more helpful to jurors in understanding the significance of the law and how to apply it than abstract and sterile statements of the law without reference to the facts ever could be. To support this alleged defect in the instructions, defendant principally relies upon and quotes at length from Hugill v. Doty, 202 Okl. 391, 214 P.2d 257 (1949). Because of Article 23, Section 6 of the Oklahoma Constitution which requires assumption of risk and contributory negligence to be left to the jury as questions of fact in all cases, this case held that a trial judge may only define contributory negligence generally and in the abstract and may not define contributory negligence in terms of particular facts in the case which, if found, would constitute negligence by the plaintiff because this is considered as directing the jury, by inference, as to how they should determine the facts contrary to the Constitutional provision. There was no constitutional provision to limit the trial judge in instructing in the case at bar. He therefore properly defined the law in terms of its significance on the facts which the jury had to decide.

■ Next the defendant claims error of the trial court in submitting the issue of punitive damages to the jury. Defendant first argues that punitive damages cannot be awarded for a breach of contract under 12 O.S.1971, § 9. This is true. However, the theory of recovery in this case was based on tort, not breach of contract. The instructions to the jury nowhere mention breach of the insurance contract but proceed entirely upon unreasonable or bad faith failure to settle within the policy limits. Thus even though admittedly the allegations of the petition are ambiguous and would support either theory, we think that the theory on which the case is submitted to the jury is the one that counts and that one was in tort.

In submitting the issue of punitive damages the trial court did not instruct that proof of a bad faith failure to settle within the policy limits would justify the imposition of punitive damages against the defendant but instead in instruction Number 10 stated that punitive damages could be awarded only if "the conduct and actions of the defendant, resulting in the damages complained of, were so wantonly and grossly wrong as to work a reckless disregard for the rights of the plaintiff, or that defendant acted maliciously." In view of the nature of the "bad faith" which results in liability for a failure to settle within policy limits, which often amounts not to fraud or deception at all (which is a common definition of "bad faith" in other tort situations) but merely to unreasonable action under the circumstances (Annotation, 40 A.L.R.2d 168, 171 (1955)), we think that the trial court correctly required more than proof of the tort to permit punitive damages to be awarded under 12 O.S.1971, § 9. (The language employed in the instruction is a common paraphrasal by Oklahoma Supreme Court decisions of the statutory language.)

■ Does the evidence show not just "bad faith" or unreasonable conduct on the part of the defendant in failing to settle but also malice or a reckless disregard for the plaintiff's rights? Defendant says that it does not and after a careful review, we agree. The evidence viewed most favorably to the plaintiff at most shows unreasonable failure to settle not a reckless disregard for the plaintiff's rights. Zumwalt v. Utilities Ins. Co., 360 Mo. 362, 228 S.W.2d 750, 756 (1950). Since the jury made a separate award for punitive damages of $1,500.00, in its verdict, we affirm the judgment insofar as the compensatory damage verdict of $10,000.00, is concerned but reverse and remand the judgment for $1,500.00, punitive damages with directions to the trial court to enter judgment for the defendant on this issue.

■ The award to the plaintiff of an additional $2,500.00, as an attorney's fee by the trial court following the jury verdict also was error. Attorney fees are not

awarded to the successful party as a matter of course in Oklahoma but only if authorized by agreement of the parties or by some statute or in that rare case where such a fee is an item of damage caused by the wrong itself rather than an item of expense incurred in attempting to secure redress for the wrong. Griffin v. Bredouw, 420 P.2d 546 (Okl.1966); Globe & Republic Ins. Co. v. Independent Trucking Co., 387 P.2d 644 (Okl.1963); Wilson v. Hecht, 370 P.2d 28 (Okl.1962). In this instance there was no provision in the insurance policy for an attorney's fee even for actions upon the policy itself. Moreover this litigation is not based on any breach of the insurance contract anyway but, as we have held, on the tort of bad faith failure to settle within the policy limits. 12 O.S.1971, §

936 does not authorize an attorney fee in such a case nor does any other statute. Finally the attorney's fee for representing the insured in this case is not an item of damage but is simply an expense of litigation as it is in any other case where a suit is necessary in order to collect damages because of the defendant's wrong. Such an expense is not reimbursable.

Affirmed as to the judgment for $10,000.00, compensatory damages; remanded with directions to enter judgment for the defendant as to the award of punitive damages and attorney's fees.

Affirmed in part; reversed in part.

ROMANG, J., concurs; BOX, J., dissents to that part of opinion affirming the trial court's judgment.